**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**KENNEDY LEE TASKER**                                    **CASE NO.  2:25-CV-0930 SEC P**

**VERSUS**                                                **JUDGE JAMES D. CAIN, JR.**

**UNKNOWN DEFENDANTS**                          **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

*Pro se* plaintiff Kennedy Lee Tasker (Tasker), proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 30, 2025 (doc. 1), an amended complaint on proper forms on July 29, 2025 (doc. 6), and a second amended complaint adding additional claims and defendants on July 29, 2025 (doc. 8).  On October 1, 2025, plaintiff filed a Motion to Appoint Counsel.  Doc. 12.

Plaintiff is a pre-trial detainee in the custody of the Louisiana Department of Corrections and is currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana.  He brings claims against the following: Unknown Defendants, Calcasieu Correctional Center, Judge Ritchie, Judge Hoffoss, NP Ken, Willa Royer, L. Jones, Lt. Mitch, J. Robertson, Amber Foreman, Felicia India Tate, Aaron Tate, Felicia India Coronado, and Lashawnda Guillory.  Plaintiff seeks release from custody and monetary compensation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### I.     BACKGROUND

According to the Complaint, plaintiff is being held at the Calcasieu Correctional Center ("CCC") on charges of unauthorized entry of an inhabited dwelling.  As the Court appreciates it,

plaintiff intends to make claims of medical neglect by unknown defendants at CCC and contends that "a lot of [his] right (sic) are being violated and disrespected." *See* doc. 6, p. 5.

Further, he raises claims related to custody and issues related to his social security number/legal name. *See* doc. 8, p. 4. He requests that this Court "make Keniyah India-Lee Tasker, Kennedy Lee Tasker private citizen due to delay of access." *Id* at p. 5.

## II.   MOTION TO APPOINT COUNSEL

On October 1, 2025, plaintiff filed a Motion to Appoint Counsel. Doc. 12. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally, no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814, 1818 (1989), the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Fifth Circuit Court of Appeals has provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the

case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex. Further, plaintiff has not shown himself to be unable to represent his own legal interests. *See Lozano v. Schubert,* 41 F.4th 485, 492-493 (5th Cir. 2022); *Brown v. Tarrant County, Texas*, 985 F.3d 489, 499 (5th Cir. 2021). Accordingly, plaintiff's request for appointment of counsel is DENIED, as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

### III.    CIVIL RIGHTS COMPLAINT - LAW AND ANALYSIS

#### A. Frivolity Review

Tasker has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When

determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Improper Defendants

#### 1. Calcasieu Correctional Center

According to Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether defendants can be sued in this court. Under Louisiana law, an entity must qualify as a "juridical person," which is defined as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. Louisiana courts uniformly hold that sheriff's offices or sheriff's departments are not juridical entities. *Sipes v. City of Monroe*, 2013 U.S. Dist. LEXIS 46965, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases).

Similarly, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008), citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973). Jails are not "persons" subject to liability under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). A jail is "not an entity, but a building." *Wetzel v. St. Tammany Parish Jail*, 610 F. Supp. 2d 545, 549 (E.D. La. 2009); *Jones v. St. Tammany Parish Jail*, 4 F.Supp. 2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice). Thus, Tasker fails to state a claim on which relief may be granted against the Calcasieu Correctional Center.

### 2.    *Judges Ritchie and Hoffoss*

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (per curiam); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied,* 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id*. at 10, 112 S.Ct. 286 (citation omitted).

Judicial immunity is a matter of policy and is necessary because a judge "should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; such immunity "applies even when the judge is accused of acting maliciously and corruptly." *Id*. at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In determining whether a judge is entitled to immunity, "[i]t

5

is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of his judicial capacity, the court should consider a variety of factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be broadly construed in favor of immunity. *Id*.

Courts use the "functional" approach in deciding whether an act is judicial for purposes of immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 201-02 (1985). The issue of "immunity analysis rests on the status of the defendant. Absolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official." *Id*. In deciding whether absolute judicial immunity applies, a court should consider the nature of the act taken, namely whether it is a function normally performed by a judge, and the expectations of the parties, namely whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

If Tasker intends to state a claim against the judicial defendants named, he should amend to allege facts to establish that the judges' actions were of a non-judicial nature or that they acted in the complete absence of jurisdiction.

3.    *Amber Foreman, Felicia India Tate, Aaron Tate, Felicia India Coronado, Lashawnda Guillory*

Under § 1983, individuals maintain a private right of action to redress the violation of constitutional rights or federal law by those acting under color of state law. *Tex. Mfr'd. Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996). The statute is not itself a source of substantive rights, but rather it "merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 114 S. Ct. 807, 811 (1994) (quoting *Baker v. McCollan*, 99 S. Ct. 2689, 2694, n.3 (1979)). To state a claim of relief under § 1983, the plaintiff must allege that defendants were persons acting under color of state law who deprived him of a right secured by the Constitution or the laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 119 S. Ct. 977, 985 (1999); *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984).  As it does not appear that the above-named individuals are state actors, to maintain a claim against them plaintiff must amend to allege an overt joint action taken with the State or one of its agents to violate his constitutional rights.

## C.  Rule 8

With respect to the claims against the remaining defendants, plaintiff should amend to provide the information required by Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 does not require explicit detail, but it does require a plaintiff to allege **specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant.**  This conclusion must be supported by specific factual allegations stating the following:

> (1)  **the name(s) of each person who allegedly violated plaintiff's constitutional rights;**
>
> (2)  **a description of what actually occurred or what each defendant did to violate plaintiff's rights;**

7

(3)  **the place and date(s) that <u>each</u> event occurred; and**

(4)  **a description of the alleged <u>injury</u> sustained as a result of the alleged violation.**

### D. *Medical Neglect*

To the extent plaintiff intends to bring a claim of medical neglect or denial of medical care against any of the defendants, he should amend.  As a pretrial detainee, plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (quoting *Hare v. City of Corinth*, 74 F.3d 633, 644 (5th Cir. 1996)). Plaintiff's complaint is directed to an episodic act or omission.

Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show both that he suffered a sufficiently serious deprivation and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650.  This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment.

To prevail on such claims, a prisoner must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97 (1976). A showing of deliberate indifference with regard to medical

treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

Moreover, a delay in medical care for a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference that results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff must provide facts to establish that each named defendant displayed a subjective intent to cause harm. He should provide details regarding his requests for treatment, what medical attention he has, or has not, received, from whom, and the status of his health. He should allege facts to support a claim against <u>each named defendant</u> for denial of medical care.

### E. Habeas Relief

Finally, in his second amended complaint, plaintiff asks the Court to "make Keniyah India-Lee Tasker, Kennedy Lee Tasker private citizen due to delay of access." Doc. 8, p. 5. To the extent that plaintiff seeks a release from custody, such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action. To the extent that he maintains that his custody is pursuant to the judgment of a state court, he must seek relief in a petition for habeas corpus pursuant to 28 U.S.C. §2254; to the extent that he otherwise claims that his incarceration is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's court system.

Since release from custody is not available in this proceeding, plaintiff should dismiss this claim.

## IV.    CONCLUSION

Tasker must amend his complaint to address the deficiencies described above and to dismiss the claims and/or parties that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Tasker at his last address on file.

**IT IS ORDERED** that Tasker amend his complaint within **forty (40) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Plaintiff is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (doc. 12) is **DENIED**.

THUS DONE AND SIGNED in chambers this 10th day of June, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE